FILED
HENRY COUNTY
COMMON PLEAS COURT

2018 FEB -8 P 3:23

CONNIE L. SCHNITKEY
CLERK OF COURTS



IN THE COURT OF COMMON PLEAS OF HENRY COUNTY, OHIO

| | |
|---|---|
| KENT NICELY<br>12340 Co. Rd. F<br>Wauseon, OH 43567 | Case No.: 18CV0025 |
| | Judge |
| Plaintiff, | COMPLAINT WITH JURY DEMAND<br>ENDORSED HEREON AND<br>PRAECIPE FOR SERVICE |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>PO Box 661029<br>Dallas, TX 75266-1029 | THE BOLOTIN LAW OFFICES<br>Samuel G. Bolotin (0014727)<br>3232 Executive Parkway<br>Toledo, Ohio 43606<br>PH: (419) 539-9200<br>FAX: (419) 539-7100 |
| | ATTORNEY FOR PLAINTIFF |

Now comes the Plaintiff, by and through his Attorney, Samuel G. Bolotin, and states for his Complaint as follows:

### COMMON ALLEGATIONS

1. That this cause of action accrued on June 5, 2014, and since that time the Plaintiff, Kent Nicely, has been attempting to resolve this matter with a representative of the Defendants who has failed to negotiate in good faith, unfortunately requiring Plaintiff to file this lawsuit.

2. That all times material hereto, the Plaintiff, Kent Nicely, was and is a resident of the City of Wauseon, County of Fulton, State of Ohio.

Exhibit A

3. That all times material hereto, the Defendant, State Farm Mutual Automobile Insurance Company, was and is a business in the State of Ohio.

4. That the amount herein controversy exceeds Fifteen Thousand and 00/100 ($15,000.00) Dollars, and that this matter is otherwise within the jurisdiction of this Court.

5. That on February 16, 2017, a Voluntary Dismissal Without Prejudice of *Kent Nicely vs. Paul Like Jr., et. al.*, Case No. 14CV0171, was filed.

6. That on June 5, 2014, Plaintiff, Kent Nicely, was riding his 2002 Harley Davidson Motorcycle, in the City of Napoleon, County of Henry, State of Ohio.

7. That on the aforementioned date an underinsured driver caused an accident when he negligently turned left in front of Plaintiff, causing a collision and serious and permanent injuries to Plaintiff Kent Nicely, entitling him to underinsurance motorist benefits from Defendant State Farm Mutual Automobile Insurance Company.

8. Plaintiff, Kent Nicely, has made demand upon Defendant State Farm Mutual Automobile Insurance Company for payment for his injuries, and Defendant State Farm Mutual Automobile Insurance Company has refused to fairly and adequately compensate him pursuant to the terms of the policy.

### COUNT I

9. That the Plaintiff incorporates by reference as though fully rewritten, paragraphs one (1) through eight (8) above.

10. This is a civil action brought forth by Kent Nicely for declaratory relief, pursuant to Section 2721.01 et. seq. of the Ohio Revised Code, and also for monetary damages.

11. The State Farm Mutual Automobile Insurance Company policy provides insurance coverage in the form of underinsured motorist coverage in the amount of $250,000.00.

12. Plaintiff, Kent Nicely, seeks a declaration of the rights, duties and liabilities under this insurance policy with respect to his injuries resulting from an automobile accident with an underinsured driver on June 5, 2014.

13. Defendant, State Farm Mutual Automobile Insurance Company, has failed to pay Plaintiff, Kent Nicely, any monies under this policy despite repeated demands for payment.

14. As a result, an actual controversy of a justiciable nature presently exists between Plaintiff, Kent Nicely and Defendant, State Farm Mutual Automobile Insurance Company concerning the proper construction of the insurance policy and the rights and obligations of the parties with respect to the underinsurance coverage in question. This controversy is of sufficient immediacy to justify the issuance of declaratory judgment.

## COUNT II

15. That the Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through fourteen (14) above.

16. That the underinsured driver, Paul Like Jr., violated City Ordinance 331.17 - failure to yield on left turn, and O.R.C. §4511.42 and said negligence constitutes negligence per se.

17. That the negligence per se of the underinsured driver, Paul Like Jr., was the direct and proximate cause of the injuries sustained by Plaintiff.

18. That Plaintiff, as a result of the negligence, recklessness and negligence per se of one or all of the Defendants or their agents, directly and proximately sustained serious and permanent injuries.

   a) That in the care and treatment of said injuries, Plaintiff was required to submit to numerous and extensive x-rays, examinations, treatments and therapies including taking of drugs and medications in an effort to combat

the pain in which he suffered;

b) That Plaintiff has incurred substantial expenses to date in the care and treatment of said injuries;

c) That Plaintiff has incurred substantial lost wages to date due to his inability to work because of said injuries;

d) That Plaintiff has incurred property damage due to the accident;

e) That said injuries are permanent and partially disabling and Plaintiff will continue to incur medical and related expenses in the future in an amount which cannot now be determined nor in the exercise of due diligence be ascertained at this time;

f) That Plaintiff was required to absent himself from his usual and normal activities and has suffered and will suffer the loss of enjoyment of life;

g) That Plaintiff suffers from pain, shock, nervous reaction and inconvenience and will continue to suffer therefrom in the future with all of the foregoing to his substantial damage.

### COUNT III

19. That the Plaintiff incorporates by reference as though fully rewritten, paragraphs one (1) through eighteen (18) above.

20. Prior to making its contract with the Plaintiff, Kent Nicely, and at all other times, material hereto, the Defendant State Farm Mutual Automobile Insurance Company stated it would handle, adjust and compensate promptly for losses, damages, and injuries falling within its contracts of insurance, including but not limited to the contract made with the Plaintiff, Kent Nicely.

21. Plaintiff, Kent Nicely, has made a claim and demand under said contract of insurance as a result of the underinsured motorist loss described above, and Defendant, State Farm Mutual Automobile Insurance Company has

failed to pay the loss in a timely manner.

22. The Defendant, State Farm Mutual Automobile Insurance Company, as a result of the foregoing matter, has breached its contract of insurance and its covenants and undertaking with Plaintiff to compensate within a reasonable time for all loss of personal injury by an underinsured driver under that contract, entitling Plaintiff to damages.

23. That a copy of the policy is attached hereto as Exhibit 1.

### COUNT IV

24. That the Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through twenty-three (23) above.

25. In adjusting Plaintiff's claim, Defendant, State Farm Mutual Automobile Insurance Company, through its agents, adjusters, and investigators, acted unreasonably and without justification, without good faith, and in bad faith.

26. Defendant, State Farm Mutual Automobile Insurance Company, through its agents, adjusters, and investigators, acted intentionally, willfully, wantonly, oppressively, and with actual malice in refusing to pay Plaintiff's claim.

27. The actions and omissions of Defendant, State Farm Mutual Automobile Insurance Company, demonstrate malice, aggravated or egregious fraud, oppression, or insult and Defendant, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

28. Plaintiff prays for judgment on this count, including punitive damages.

WHEREFORE, and for all of which damages, Plaintiff demands judgment against the Defendant, jointly and severally, in an amount that is fair and just, consistent with the evidence and in excess of Twenty-Five Thousand

($25,000.00) Dollars, together with costs, interest, prejudgment interest, punitive damages, attorney's fees, and any other relief the Court deems proper.

Respectfully submitted,

THE BOLOTIN LAW OFFICES

_____
Samuel G. Bolotin
Attorney for Plaintiff

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

_____
Samuel G. Bolotin
Attorney for Plaintiff